IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TRACTEL LTD.,

          Plaintiff,

v.

BENSON INDUSTRIES, INC., and
ROOPNARAYAN RAMLAKHAN,

          Defendants.

Civil No.:

# COMPLAINT AND JURY DEMAND

Tractel, Ltd. ("Tractel"), for its complaint against Benson Industries, Inc. ("Benson") and Roopnarayan Ramlakhan ("Mr. Ramlakhan") alleges:

### PARTIES, JURISDICTION & VENUE

1. Tractel is an Ontario, Canada business corporation with a principal place of business in Scarborough, Ontario, Canada.

2. Benson is a Delaware corporation with a principal place of business in Portland, Oregon.

3. Mr. Ramlakhan is an individual residing in Jersey City, New Jersey.

4. The Court has subject-matter jurisdiction under 28 U.S.C. section 1332(a)(2) because the matter in controversy exceeds $75,000 exclusive of costs and interest, and is between citizens of states and a citizen of a foreign state.

5. The Court has personal jurisdiction over this action because the causes of action set forth herein arise out of the defendants' transaction of business, supply of services and things, and causing tortious injury in the Commonwealth of Massachusetts.

6. Venue in this District is proper because the events giving rise to the causes of action set forth herein occurred here.

## FACTS

7. Tractel is a designer and manufacturer of building maintenance units ("BMUs") for various applications, including commercial buildings. BMUs are large, fixed, crane-like structures, typically installed on the roofs of large buildings. The end-user may utilize a BMU for various exterior building maintenance tasks, including operating window washing scaffolding and equipment, window repair, and façade maintenance.

8. Tractel works to install BMUs at various sites throughout North America. To aid its operations, Tractel utilizes the specialized construction management and technical services of Roopnarayan Ramlakhan. Mr. Ramlakhan supervises various Tractel BMU installations and other operational tasks at different project sites. Mr. Ramlakhan is trained in, and knowledgeable about, the use of Tractel BMUs and other products. Tractel relies on Mr. Ramlakhan's specialized technical skill regarding BMU operations to support its furnishing of BMU products and associated services to customers.

9. Mr. Ramlakhan's relationship with Tractel is governed by an October 21, 2016 Independent Contractor Agreement between these parties (the "Services Agreement"). *Inter alia* the Services Agreement sets forth the terms on which Mr. Ramlakhan provides services for

Tractel operations. Of note, the Services Agreement contains an indemnity provision, which requires Mr. Ramlakhan to indemnify Tractel against claims, loss, and damages Tractel may suffer as a result of, or arising out of, any negligence committed by Mr. Ramlakhan.

10. In 2020, Tractel was hired to design, furnish, and install a BMU on the roof of the One Congress office tower, which was under construction at 1 Congress Street in Boston, Massachusetts (the "Project"). Tractel's work on the Project is governed by a February 21, 2020 subcontract (the "Subcontract") between Tractel and Project general contractor John Moriarty Associates, Inc. ("Moriarty").

11. Benson was separately hired by Moriarty or one of its subcontractors to perform certain glass work on the Project.

12. Tractel installed a BMU on the Project while construction operations were in progress. Following initial installation of the BMU—but before final delivery of the BMU and completion of the Subcontract work—the BMU was made available to certain other Project subcontractors for use in connection with their separate scopes of work, including Benson.

13. On April 13, 2023, Benson employees were operating the BMU at the Project to replace exterior glass. Benson's use of the BMU was being supervised by Mr. Ramlakhan.

14. Benson employees were using the BMU to lower a piece of glass down the side of the Project building. When the operators attempted to extend the BMU boom over the side of the building, a fault condition in the BMU equipment occurred, which prevented the attempted

movement. A fault condition in the BMU prevents certain BMU operations/articulations when the equipment is not working properly. The fault condition was open and obvious to the Benson operators and Mr. Ramlakhan, since *inter alia* the BMU would not move as desired.

15. Instead of ceasing use of the BMU at that time and investigating and resolving the fault condition, the Benson operators and Mr. Ramlakhan continued using the BMU. They swiveled (or "slewed") the BMU unit to a different position on the Project roof, and attempted to lower (or "luff") the boom down so that the end of the boom could be extended over the edge of building and used to lower the glass down the side. The obvious fault condition of the BMU impeded this movement, but the operators continued to attempt to luff down the boom anyway. This caused the boom to twist and buckle.

16. The buckling of the boom resulted in serious structural damage to the BMU requiring substantial repair. The estimated cost to effect a full repair of the boom is approximately $1,245,000.

17. Moriarty has forced Tractel to repair the BMU at its own cost, citing the delivery and performance requirements of the Subcontract. Tractel has incurred other costs and attorneys' fees in connection with the investigation and repair of the BMU.

18. Tractel is not at fault for the damage to the BMU.

19. Tractel has demanded that Benson and Mr. Ramlakhan indemnify it for the cost of repairing the BMU, since they are responsible for the damage. Benson and Mr. Ramlakhan have refused Tractel's demand.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
## (Mr. Ramlakhan)

20. Tractel repeats and realleges the allegations contained in paragraphs 1 through 19.

21. Mr. Ramlakhan owed a duty to Tractel to exercise due care while performing services for Tractel, including when supervising the use of and using Tractel-supplied BMUs and other equipment at job sites.

22. Mr. Ramlakhan breached his duty of care to Tractel by negligently failing to take action to stop Benson's improper use of the BMU following the obvious fault condition, and by otherwise improperly supervising Benson's use of the BMU.

23. Mr. Ramlakhan's breaches resulted in damage to the BMU. As a result, Tractel has been forced to bear significant costs to investigate and repair the damaged BMU.

24. Accordingly, Tractel has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
## (Benson)

25. Tractel repeats and realleges the allegations contained in paragraphs 1 through 24.

26. Benson owed a duty to all Project subcontractors, including Tractel, to perform its work on the Project with due care and in a manner not reasonably likely to damage the Project, including the work of other subcontractors.

27. Benson breached its duty of care to Tractel by operating the BMU in an unreasonable manner by *inter alia* continuing to use the BMU following the obvious fault condition and forcing the BMU to maneuver in a way that caused it to be damaged.

28. Benson's breaches resulted in damage to the BMU. As a result, Tractel has been forced to bear significant costs to investigate the damage and repair the BMU.

29. Accordingly, Tractel has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
### (Mr. Ramlakhan)

30. Tractel repeats and realleges the allegations contained in paragraphs 1 through 29.

31. The Services Agreement is a valid, binding contract between Tractel and Mr. Ramlakhan. The Services Agreement requires Mr. Ramlakhan to indemnify Tractel for any damages or loss Tractel suffers as a result of his negligence in the performance of his obligations under the Services Agreement.

32. Tractel has complied with all of its obligations under the Services Agreement.

33. Due to Mr. Ramlakhan's negligence in connection with supervising Benson's use of the BMU, Tractel has suffered damages and other loss.

34. Tractel has demanded that Mr. Ramlakhan indemnify it for damages and loss arising from the damaged BMU, but to date Mr. Ramlakhan has refused, in violation of the indemnification provisions of the Services Agreement

35. Accordingly, Tractel has been damaged in an amount to be proven at trial, but which includes its attorneys' fees to bring this action.

**WHEREFORE**, Tractel demands the following relief:

A. On its First Cause of Action, damages in an amount to be determined at trial;

B. On its Second Cause of Action, damages in an amount to be determined at trial;

C. On its Third Cause of Action, damages in an amount to be determined at trial;

D. Attorneys' fees, expert's fees, costs, disbursements, and interest; and

E. Such other and further relief as the Court deems proper.

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Tractel, Ltd. demands a trial by jury on all issues so triable.

| | |
|---|---|
| Date:  May 14, 2024 | /s/ Marie E. Chafe                                      .<br>Marie E. Chafe     BBO#:  556632<br>mchafe@connkavanaugh.com<br>Conn Kavanaugh Rosenthal Peisch & Ford<br>1 Federal Street, 15th Floor<br>Boston, MA  02110<br>(617) 482-8200<br>(617) 482-6444 facsimile<br><br>*Attorneys for Plaintiff Tractel, Ltd.* |

Of Counsel:
Ryan K. Cummings
William A. Ciszewski
(*pro hac vice* applications forthcoming)
**HODGSON RUSS LLP**
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  716.856.4000
rcummings@hodgsonruss.com
wciszews@hodgsonruss.com